IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERT HARVEY, III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:14-CV-304 (CAR) |
| Lt. ALEXANDER DANIELS, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**ORDER ON MOTION FOR PERMISSION TO APPEAL *IN FORMA PAUPERIS***

Before the Court is *pro se* Plaintiff Robert Harvey, III's Motion for Permission to Appeal *In Forma Pauperis* ("IFP") [Doc. 8]. Plaintiff seeks to appeal this Court's Order entered on September 30, 2014, dismissing his Complaint for failure to state a claim. Having considered Plaintiff's Motion and the relevant law, Plaintiff's Motion [Doc. 8] is **DENIED.**

Motions to proceed IFP on appeal are governed by 28 U.S.C. § 1915(a) and Federal Rule of Appellate Procedure 24. Section 1915(a) provides that

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets

such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.[2]

The statute forbids a plaintiff to proceed IFP "if the trial court certifies in writing that [the action] is not taken in good faith."[3]

Similarly, Federal Rule of Appellate Procedure 24 provides:

(1) … [A] party to a district court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:

> (A) shows … the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.[4]

Two requirements therefore must be satisfied.  First, the party must show an inability to pay.  Second, the appeal must be brought in good faith.

With respect to the second requirement, a party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard.[5]  An IFP action is frivolous, and thus not brought in good faith, if it

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP."  *Martinez v. Kristi Kleaners*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).
[2] 28 U.S.C. § 1915(a)(1).
[3] 28 U.S.C. § 1915(a)(3).
[4] Fed. R. App. P. 24(a).
[5] *See Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962); *United States v. Wilson*, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989).

2

is "without arguable merit either in law or fact."[6]  "Arguable means capable of being convincingly argued."[7]  Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed.[8] A statement of issues enables the court to determine whether the appeal would be frivolous or not taken in good faith.[9]

In this case, Plaintiff has demonstrated an inability to pay, but his appeal is not taken in good faith because his affidavit does not clearly state the issues he intends to raise on appeal.  Plaintiff merely states that "the Court did not allow [him] to issue all of the factual evidence,"; "[he] deserve[s] the opportunity to speak whether the equitibility[sic] of [his] harm is honored or not"; and "the *Miranda* waiver submitted was to substantiate document manipulation."[10]  In response to the Court's holding that the Complaint failed to state a claim, Plaintiff asserts that he has communicated his grievances multiple times to Defendant, and, therefore, has stated his claims to the best of his ability.[11]  Based on these conclusory and somewhat incomprehensible statements, the Court cannot decipher the specific issues Plaintiff intends to present on appeal.  As such, the Court certifies that Plaintiff's appeal is frivolous and not taken in good faith.

---

[6] *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).
[7] *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam).
[8] *See Cofield v. Ala. Pub. Serv. Comm'n.*, 936 F.2d 512, 515 (11th Cir. 1991).
[9] *Martin v. Gulf States Util. Co.*, 221 F. Supp. 757, 760 (D.C. La. 1963).
[10] [Doc. 8, p. 1].
[11] *Id.* at 5.

Accordingly, Plaintiff's Motion for Permission to Appeal IFP [Doc. 8] is **DENIED**.  Plaintiff is advised to consult Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

**SO ORDERED,** this 4th day of November, 2014.

<u>S/  C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT COURT

ADP